# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

AMEENAH TATE,

    Plaintiff,

vs.                                          Case No.: 21-CV-3427

HILTON WORLDWIDE HOLDINGS,
INC., PARK HOTELS & RESORTS, INC.,
HILTON GARDEN INNS MANAGEMENT
LLC, FIRST HOSPITALITY GROUP, INC.,
and FIRST MKD, LLC,

    Defendants.

## NOTICE OF REMOVAL

To:    Ms. Ameenah Tate
        c/o Mr. Toby Mulholland
        Rubens Kress & Mulholland
        77 West Washington, Suite 701
        Chicago, IL 60602

        --Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that Hilton Worldwide Holdings Inc., Park Hotels & Resorts Inc., Hilton Garden Inns Management LLC, First Hospitality Group, Inc., and First MKD, LLC, by their attorneys, CRIVELLO CARLSON, S.C., pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, file this Notice of Removal with the Court. The grounds for removal of this action are as follows:

1. A civil action designated as Case No. 21L005214 has been commenced and is now pending in the Circuit Court of Cook County, Illinois, between the above-named parties.

2. On May 21, 2021, the plaintiff filed the Summons and Complaint in the Circuit Court for Cook County, Illinois. A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

3. Defendant First Hospitality Group, Inc. was served or otherwise received notice of the lawsuit designated as Case No. 21L005214 on or about May 27, 2021.

4. The Summons and Complaint is the only pleading that has been filed in the Circuit Court of Cook County, Illinois.

5. The above-described action is a civil action for damages resulting from personal injury alleged to have arisen from actions arising in Milwaukee County, Wisconsin when the plaintiff was allegedly assaulted at a Hilton Garden Inn hotel located at 611 N. Broadway in the City of Milwaukee, Wisconsin, which allegedly was and is owned by Defendant First MKD, LLC and allegedly operated and managed by Defendant First Hospitality Group, Inc. (*See* Ex. A, p. 18, ¶ 2; p. 24, ¶ 2.) Plaintiff alleges that she suffered injuries to her body as a result. (*See* Ex. A, p. 29, ¶ 21.)

6. While the defendants, Hilton Worldwide Holdings Inc., Park Hotels & Resorts Inc., Hilton Garden Inns Management LLC, First Hospitality Group, Inc., and First MKD, LLC, intend to raise personal jurisdiction defenses to the action filed by Plaintiff, the United States District Court of the Northern District of Illinois had jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it is a civil action wholly

2

between citizens of different states, and the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases:

    a.    The following facts establishing diversity existed at the time of the original filing in State court, at the time of removal, and at the present time:

        i.    Upon information and belief, Plaintiff is a resident of and domiciled in the State of Wisconsin or the State of Nevada.

        ii.    Defendant Hilton Worldwide Holdings Inc. is a foreign corporation incorporated in Delaware with its principal places of business in McLean, Virginia.

        iii.    Defendant Park Hotels & Resorts, Inc. is a foreign corporation incorporated in Delaware with its principal place of business in Tysons, Virginia.

        iv.    Defendant Hilton Garden Inns Management, LLC is a foreign corporation incorporated in Delaware with its principal place of business in McLean, Virginia.

        v.    Defendant First Hospitality Group, Inc. is a domestic corporation incorporated in Illinois with its principal place of business in Rosemont, Illinois.

        vi.    Defendant First MKD, LLC is a domestic corporation incorporated in Illinois with its principal place of business located in Rosemont, Illinois.

b. Plaintiff is alleging that due to this incident she sustained significant injuries.

c. Plaintiff's Complaint alleges five causes of action arising in negligence and alleges that the value of *each claim* is in excess of $50,000. In arguing that Plaintiff has alleged facts sufficient to meet the amount in controversy requirement, Defendants do not admit the facts alleged in the Complaint. Additionally, Plaintiff made a pre-suit settlement demand seeking several million dollars, which greatly exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney's fees, interest, and costs.

The amount in controversy requirement is met by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); see also *Espinosa v. Philip Morris USA, Inc.*, 2007 WL 917383, *2 (N.D. Ill. March 26, 2007). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses jurisdiction." *Brill*, 427 F.3d at 448; see also *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Based upon the foregoing representations, Defendants have a good faith and reasonable belief that the amount in controversy in this matter exceeds $75,000.00, exclusive of attorney's fees, interest, and costs.

d. Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a) and (b) because there is complete diversity of citizenship between Plaintiff and the defendants and the amount in controversy exceeds

$75,000. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332 had the action been brough in federal court originally.

7. This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because it is being filed in this Court within 30 days after receipt by Defendants of a copy of Plaintiff's original complaint in the action and within one year of the commencement of the action the time permitted by statute for filing has not expired.

8. In accordance with 28 U.S.C. Sec. 1447(b) there are attached to this Notice of Removal as Exhibit A true and correct copies of all pleadings and process served upon the Defendants by the plaintiff in this case.

9. Concurrent with the filing of this Notice of Removal, Defendants, by their attorneys, will notify all active parties and the Clerk of the Circuit Court for Cook County that this case is the subject of a petition for removal in the United States District Court for the Northern District of Illinois, as required by 28 U.S.C. § 1446(d).

### JURY DEMAND

1. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand trial by jury.

WHEREFORE, Hilton Worldwide Holdings Inc., Park Hotels & Resorts Inc., Hilton Garden Inns Management LLC, First Hospitality Group, Inc., and First MKD, LLC request that this case proceed before this Federal District Court as an action properly removed.

Dated this 25th day of June, 2021.

                                      BY: /s/ Samuel C. Hall, Jr.
                                            SAMUEL C. HALL, JR.
                                            IL State Bar No: 6315977
                                            SARA C. MILLS
                                            WI State Bar No: 1029470
                                            KYLIE M. OWENS
                                            WI State Bar No: 1112914
                                            Attorney for Defendants
                                            CRIVELLO CARLSON, S.C.
                                            710 N. Plankinton Avenue, Suite 500
                                            Milwaukee, WI 53203
                                            Ph: (414) 271-7722
                                            Fax: (414) 271-4438
                                            E-mail: shalls@crivellocarlson.com
                                                           smills@crivellocarlson.com
                                                           kowens@crivellocarlson.com