FILED
5/21/2021 11:27 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L005214

FILED DATE: 5/21/2021 11:27 AM   2021L005214

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

**Ameenah Tate**

_____

Plaintiff(s)

v.

**Park Hotels & Resorts Inc.**

_____

Defendant(s)

c/o Corporation Service Company, 100
Shockoe Slip, Floor 2, Richmond, VA 23219

_____

Address of Defendant(s)

Case No. _____

Please serve as follows (check one):  ○ Certified Mail   ◉ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3



EXHIBIT
A

**Summons - Alias Summons**        (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⊙ Atty. No.: 47949
○ Pro Se 99500

Name: Toby P. Mulholland

Atty. for (if applicable):

Plaintiff

Address: 77 W. Washington St., Ste. 701

City: Chicago

State: IL  Zip: 60602

Telephone: 312-201-9640

Primary Email: tpm@rkminjurylaw.com

Witness date _____

5/21/2021 11:27 AM IRIS Y. MARTINEZ

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☒ Date of Service: 6/10/2021
(To be inserted by officer on copy left with employer or other person)

FILED DATE: 5/21/2021 11:27 AM   2021L005214

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**12-Person Jury**

FILED
5/21/2021 11:27 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L005214

Attorney No. 47949

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| AMEENAH TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: |
| vs. | ) | |
| | ) | Amount: In excess of $50,000.00 plus costs |
| HILTON WORLDWIDE HOLDINGS, | ) | |
| INC., PARK HOTELS & RESORTS INC., | ) | |
| HILTON GARDEN INNS | ) | |
| MANAGEMENT LLC, FIRST | ) | |
| HOSPITALITY GROUP, INC. and FIRST | ) | |
| MKD, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

### COUNT I

NOW COMES the Plaintiff, AMEENAH TATE, by and through her attorneys, RUBENS

KRESS & MULHOLLAND, and complaining against the Defendant, HILTON WORLDWIDE

HOLDINGS, INC. (hereinafter "HILTON WORLDWIDE"), states as follows:

1. On July 3, 2020, the Plaintiff, AMEENAH TATE was a business invitee and guest of

   the Defendant at its hotel Hilton Garden Inn located at 611 N. Broadway, Milwaukee,

   Wisconsin.

2. On and before July 3, 2020, the Defendant HILTON WORLDWIDE owned, operated

   and/or managed said hotel.

3. The Defendant HILTON WORLDWIDE transacts substantial business within the

   State of Illinois and County of Cook.

4. The Defendant HILTON WORLDWIDE owns, uses, or possesses real estate situated

   in the State of Illinois and County of Cook.

FILED DATE: 5/21/2021 11:27 AM   2021L005214

FILED DATE: 5/21/2021 11:27 AM    2021L005214

5. On or about July 2, 2020, the Plaintiff AMEENAH TATE, traveled from Las Vegas to Milwaukee, Wisconsin to bring her grandchildren home to their parents, with a hotel room reservation for just herself at the Defendant's aforesaid hotel.

6. Upon arrival at the hotel in the afternoon of July 2, 2020, the Plaintiff AMEENAH TATE checked in with the front desk personnel of the hotel, provided proof of identification and method of payment, and received a room assignment and room key from the hotel personnel. Plaintiff was assigned Room 418.

7. At no time did the Plaintiff AMEENAH TATE advise or notify Defendant that anyone except herself was permitted access or entry to her room at the Defendant's hotel.

8. Subsequently and sometime later in the evening of July 2, 2020, the Plaintiff AMEENAH TATE's ex-husband, Cory Spencer, showed up at the hotel to drop off some of the Plaintiff's personal belongings and asked the Guest Service Representative of the hotel to provide the room number and/or key to the Plaintiff's room.

9. Because the Plaintiff AMEENAH TATE had no registered guests to her room and never authorized any, the Guest Service Representative called the Plaintiff's room to see if she would give authorization to allow Mr. Spencer a key to the room and/or disclosure of her room number. At that time, Ms. Tate informed the Guest Service Representative that under no circumstances should he provide Mr. Spencer a key to her room or her room number. She specifically informed the hotel Representative that Mr. Spencer and her were in an active domestic dispute and she was concerned for her safety. Accordingly, Mr. Spencer was not provided a key to the Plaintiff's room

FILED DATE: 5/21/2021 11:27 AM    2021L005214

nor provided her room number.

10. Later into the night, in the very early morning hours of July 3, 2020, Mr. Spencer
    returned to the hotel in an obviously intoxicated and agitated state. He gained access
    to the lobby of the hotel and told the Guest Service Representative who was stationed
    at the front desk, that he had lost his key and needed a replacement key for the
    Plaintiff's room. The Guest Service Representative did not call Ms. Tate's room nor
    did he otherwise obtain authorization from Ms. Tate to provide Mr. Spencer her room
    number and/or room key. Instead, he asked Mr. Spencer to provide him with the
    Plaintiff's address as it appeared on the registration card. Because Mr. Spencer was
    able to do that, the Guest Service Representative provided Mr. Spencer with both the
    Plaintiff's room number and a key to her room.

11. After obtaining a key to the Plaintiff's room and room number, Mr. Spencer
    proceeded to the Plaintiff's room and entered her room by using the key he was
    given. He then proceeded over a substantial amount of time to assault, strangle,
    batter, terrorize and threaten to kill the Plaintiff AMEENAH TATE. Ms. Tate could
    not escape and could only scream in horror. Mr. Spencer finally stopped physically
    attacking Ms. Tate when another guest yelled into the room that they were going to
    call the police.

12. Mr. Tate was arrested later that morning by the Milwaukee Police Department and
    ultimately charged with 1) Burglary (Battery to a Person), 2) Strangulation &
    Suffocation, and 3) Disorderly Conduct.

13. The Plaintiff AMEENAH TATE never advised, notified or authorized the Defendant
    or Mr. Spencer that Spencer was permitted access or entry to her hotel room.

14. At all times relevant hereto, the Defendant HILTON WORLDWIDE violated their own, and nationally recognized, standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without first notifying her and obtaining her permission.

15. At all times relevant hereto, the Defendant HILTON WORLDWIDE violated their own, and nationally recognized standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without checking the guest registration form or card for Mr. Spencer's name.

16. At all times relevant hereto, the Defendant HILTON WORLDWIDE knew that Mr. Spencer was not allowed access to the Plaintiff's hotel room under any circumstances.

17. At all times relevant hereto, after Mr. Spencer's first attempt to gain access to the Plaintiff's room, had the hotel personnel simply communicated to other hotel personnel--by way of the Manager on Duty log or diary or any other way--of the Plaintiff's situation and instruction to not allow Mr. Spencer access to her hotel room, the hotel personnel, on Mr. Spencer's second attempt, would have already known that Mr. Spencer was explicitly not authorized or permitted access to the Plaintiff's room under any circumstances.

18. At all times relevant hereto, on Mr. Spencer's second attempt to gain access to the Plaintiff's room, had the hotel personnel simply checked their guest registration form or card; checked their computer and/or other systems, or even simply communicated with the Plaintiff AMEENAH TATE, they would have learned that Mr. Spencer was not authorized or permitted access to the Plaintiff's hotel room and he was not registered to that room.

19. The manner and circumstances under which Mr. Spencer was able to obtain a key to the Plaintiff's room exposes an egregious breach of hotel security which could have been easily prevented through the application of the most fundamental of policies and procedures critical to guest safety and security.

20. At all times relevant hereto, because the Plaintiff AMEENAH TATE was a business invitee and guest of the Defendant, the Defendant owed a duty to exercise reasonable care to protect her and its guests from injury at the hands of third persons. This includes a duty to provide for and assure her safety and security while at the hotel; to protect her from foreseeable or preventable burglary, assaults or attacks by others at the hotel; to not expose her to burglary, assaults or attacks by others while at the hotel especially when it knew the Plaintiff felt threatened.

21. The Defendant HILTON WORLDWIDE, by and through its employees, servants and/or agents breached its duty of care in one or more of the following ways:

   a. Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without first obtaining authorization from the Plaintiff to do so;

   b. Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without taking any step to check whether he was an authorized or registered guest of the room;

   c. Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff felt threatened by Mr. Spencer;

   d. Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff previously informed hotel personnel that Mr. Spencer should not be provided access to her room under any circumstances;

   e. Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew, or should have known, there was an obvious threat to the safety of the Plaintiff when an intoxicated male was requesting an additional room key in the very early morning hours;

   f. Carelessly and negligently failed to recognize the obvious threats to the safety

FILED DATE: 5/21/2021 11:27 AM   2021L005214

of the Plaintiff when Mr. Spencer requested an additional room key in an intoxicated state in the very early morning hours when he was not a registered or authorized guest of the Plaintiff's room;

g. Carelessly and negligently failed to communicate to other hotel personnel the Plaintiff's instruction to not allow Mr. Spencer access to her room under any circumstances;

h. Carelessly and negligently failed to provide an on-site security guard;

i. Carelessly and negligently failed to monitor the main entrance for security breaches;

j. Carelessly and negligently failed to have a comprehensive and integrated hotel security program, which contributed to, allowed, and caused the assault and beating suffered by the Plaintiff;

k. Carelessly and negligently operated in a manner completely inconsistent with reasonably accepted and common practices of operational hotel safety and security;

l. Carelessly and negligently failed to effectively provide hotel personnel with proper training and effective supervision concerning guest privacy and security;

m. Carelessly and negligently failed to properly train and supervise hotel personnel to ensure compliance with policies and procedures critical to guest safety and security;

n. Carelessly and negligently failed to enforce common practices of conduct concerning guest security; and

o. Carelessly and negligently failed to enforce and follow its own security guidelines and protocols.

22. As a direct and proximate result of one or more of the Defendant's aforesaid negligent acts and/or omissions, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. The Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.

FILED DATE: 5/21/2021 11:27 AM   2021L005214

WHEREFORE, the Plaintiff, AMEENAH TATE, demands judgment against the Defendant, HILTON WORLDWIDE in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT II

NOW COMES the Plaintiff, AMEENAH TATE, by and through her attorneys, RUBENS KRESS & MULHOLLAND, and complaining against the Defendant, PARK HOTELS & RESORTS INC. (hereinafter "PARK HOTELS"), states as follows:

1. On July 3, 2020, the Plaintiff, AMEENAH TATE was a business invitee and guest of the Defendant at its hotel Hilton Garden Inn located at 611 N. Broadway, Milwaukee, Wisconsin.

2. On and before July 3, 2020, the Defendant PARK HOTELS owned, operated and/or managed said hotel.

3. The Defendant PARK HOTELS transacts substantial business within the State of Illinois and County of Cook.

4. The Defendant PARK HOTELS owns, uses, or possesses real estate situated in the State of Illinois and County of Cook.

5. On or about July 2, 2020, the Plaintiff AMEENAH TATE, traveled from Las Vegas to Milwaukee, Wisconsin to bring her grandchildren home to their parents, with a hotel room reservation for just herself at the Defendant's aforesaid hotel.

6. Upon arrival at the hotel in the afternoon of July 2, 2020, the Plaintiff AMEENAH TATE checked in with the front desk personnel of the hotel, provided proof of identification and method of payment, and received a room assignment and room key from the hotel personnel. Plaintiff was assigned Room 418.

FILED DATE: 5/21/2021 11:27 AM   2021L005214

7. At no time did the Plaintiff AMEENAH TATE advise or notify Defendant that anyone except herself was permitted access or entry to her room at the Defendant's hotel.

8. Subsequently and sometime later in the evening of July 2, 2020, the Plaintiff AMEENAH TATE's ex-husband, Cory Spencer, showed up at the hotel to drop off some of the Plaintiff's personal belongings and asked the Guest Service Representative of the hotel to provide the room number and/or key to the Plaintiff's room.

9. Because the Plaintiff AMEENAH TATE had no registered guests to her room and never authorized any, the Guest Service Representative called the Plaintiff's room to see if she would give authorization to allow Mr. Spencer a key to the room and/or disclosure of her room number. At that time, Ms. Tate informed the Guest Service Representative that under no circumstances should he provide Mr. Spencer a key to her room or her room number. She specifically informed the hotel Representative that Mr. Spencer and her were in an active domestic dispute and she was concerned for her safety. Accordingly, Mr. Spencer was not provided a key to the Plaintiff's room nor provided her room number.

10. Later in the night, in the very early morning hours of July 3, 2020, Mr. Spencer returned to the hotel in an obviously intoxicated and agitated state. He gained access to the lobby of the hotel and told the Guest Service Representative who was stationed at the front desk, that he had lost his key and needed a replacement key for the Plaintiff's room. The Guest Service Representative did not call Ms. Tate's room nor did he otherwise obtain authorization from Ms. Tate to provide Mr. Spencer her room

FILED DATE: 5/21/2021 11:27 AM    2021L005214

number and/or room key. Instead, he asked Mr. Spencer to provide him with the Plaintiff's address as it appeared on the registration card. Because Mr. Spencer was able to do that, the Guest Service Representative provided Mr. Spencer with both the Plaintiff's room number and a key to her room.

11. After obtaining a key to the Plaintiff's room and room number, Mr. Spencer proceeded to the Plaintiff's room and entered her room by using the key he was given. He then proceeded over a substantial amount of time to assault, strangle, batter, terrorize and threaten to kill the Plaintiff AMEENAH TATE. Ms. Tate could not escape and could only scream in horror. Mr. Spencer finally stopped physically attacking Ms. Tate when another guest yelled into the room that they were going to call the police.

12. Mr. Tate was arrested later that morning by the Milwaukee Police Department and ultimately charged with 1) Burglary (Battery to a Person), 2) Strangulation & Suffocation, and 3) Disorderly Conduct.

13. The Plaintiff AMEENAH TATE never advised, notified or authorized the Defendant or Mr. Spencer that Spencer was permitted access or entry to her hotel room.

14. At all times relevant hereto, the Defendant PARK HOTELS violated their own, and nationally recognized, standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without first notifying her and obtaining her permission.

15. At all times relevant hereto, the Defendant PARK HOTELS violated their own, and nationally recognized standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without checking the guest registration form or card for Mr. Spencer's name.

FILED DATE: 5/21/2021 11:27 AM 2021L005214

16. At all times relevant hereto, the Defendant PARK HOTELS knew that Mr. Spencer was not allowed access to the Plaintiff's hotel room under any circumstances.

17. At all times relevant hereto, after Mr. Spencer's first attempt to gain access to the Plaintiff's room, had the hotel personnel simply communicated to other hotel personnel--by way of the Manager on Duty log or diary or any other way--of the Plaintiff's situation and instruction to not allow Mr. Spencer access to her hotel room, the hotel personnel, on Mr. Spencer's second attempt, would have already known that Mr. Spencer was explicitly not authorized or permitted access to the Plaintiff's room under any circumstances.

18. At all times relevant hereto, on Mr. Spencer's second attempt to gain access to the Plaintiff's room, had the hotel personnel simply checked their guest registration form or card; checked their computer and/or other systems, or even simply communicated with the Plaintiff AMEENAH TATE, they would have learned that Mr. Spencer was not authorized or permitted access to the Plaintiff's hotel room and he was not registered to that room.

19. The manner and circumstances under which Mr. Spencer was able to obtain a key to the Plaintiff's room exposes an egregious breach of hotel security which could have been easily prevented through the application of the most fundamental of policies and procedures critical to guest safety and security.

20. At all times relevant hereto, because the Plaintiff AMEENAH TATE was a business invitee and guest of the Defendant, the Defendant owed a duty to exercise reasonable care to protect her and its guests from injury at the hands of third persons. This includes a duty to provide for and assure her safety and security while at the hotel; to

FILED DATE: 5/21/2021 11:27 AM    2021L005214

protect her from foreseeable or preventable burglary, assaults or attacks by others at the hotel; to not expose her to burglary, assaults or attacks by others while at the hotel especially when it knew the Plaintiff felt threatened.

21. The Defendant PARK HOTELS, by and through its employees, servants and/or agents breached its duty of care in one or more of the following ways:

    a.  Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without first obtaining authorization from the Plaintiff to do so;

    b.  Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without taking any step to check whether he was an authorized or registered guest of the room;

    c.  Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff felt threatened by Mr. Spencer;

    d.  Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff previously informed hotel personnel that Mr. Spencer should not be provided access to her room under any circumstances;

    e.  Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew, or should have known, there was an obvious threat to the safety of the Plaintiff when an intoxicated male was requesting an additional room key in the very early morning hours;

    f.  Carelessly and negligently failed to recognize the obvious threats to the safety of the Plaintiff when Mr. Spencer requested an additional room key in an intoxicated state in the very early morning hours when he was not a registered or authorized guest of the Plaintiff's room;

    g.  Carelessly and negligently failed to communicate to other hotel personnel the Plaintiff's instruction to not allow Mr. Spencer access to her room under any circumstances;

    h.  Carelessly and negligently failed to provide an on-site security guard;

    i.  Carelessly and negligently failed to monitor the main entrance for security breaches;

    j.  Carelessly and negligently failed to have a comprehensive and integrated hotel security program, which contributed to, allowed, and caused the assault and beating suffered by the Plaintiff;

FILED DATE: 5/21/2021 11:27 AM 2021L005214

k.  Carelessly and negligently operated in a manner completely inconsistent with reasonably accepted and common practices of operational hotel safety and security;

l.  Carelessly and negligently failed to effectively provide hotel personnel with proper training and effective supervision concerning guest privacy and security;

m.  Carelessly and negligently failed to properly train and supervise hotel personnel to ensure compliance with policies and procedures critical to guest safety and security;

n.  Carelessly and negligently failed to enforce common practices of conduct concerning guest security; and

o.  Carelessly and negligently failed to enforce and follow its own security guidelines and protocols.

22. As a direct and proximate result of one or more of the Defendant's aforesaid negligent acts and/or omissions, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. The Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.

WHEREFORE, the Plaintiff, AMEENAH TATE, demands judgment against the Defendant, PARK HOTELS in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT III

NOW COMES the Plaintiff, AMEENAH TATE, by and through her attorneys, RUBENS KRESS & MULHOLLAND, and complaining against the Defendant, HILTON GARDEN INNS MANAGEMENT LLC (hereinafter "HILTON GARDEN INNS MANAGEMENT"), states as follows:

FILED DATE: 5/21/2021 11:27 AM    2021L005214

1. On July 3, 2020, the Plaintiff, AMEENAH TATE was a business invitee and guest of the Defendant at its hotel Hilton Garden Inn located at 611 N. Broadway, Milwaukee, Wisconsin.

2. On and before July 3, 2020, the Defendant HILTON GARDEN INNS MANAGEMENT operated and/or managed said hotel.

3. On or about July 2, 2020, the Plaintiff AMEENAH TATE, traveled from Las Vegas to Milwaukee, Wisconsin to bring her grandchildren home to their parents, with a hotel room reservation for just herself at the Defendant's aforesaid hotel.

4. Upon arrival at the hotel in the afternoon of July 2, 2020, the Plaintiff AMEENAH TATE checked in with the front desk personnel of the hotel, provided proof of identification and method of payment, and received a room assignment and room key from the hotel personnel. Plaintiff was assigned Room 418.

5. At no time did the Plaintiff AMEENAH TATE advise or notify Defendant that anyone except herself was permitted access or entry to her room at the Defendant's hotel.

6. Subsequently and sometime later in the evening July 2, 2020, the Plaintiff AMEENAH TATE's ex-husband, Cory Spencer, showed up at the hotel to drop off some of the Plaintiff's personal belongings and asked the Guest Service Representative of the hotel to provide the room number and/or key to the Plaintiff's room.

7. Because the Plaintiff AMEENAH TATE had no registered guests to her room and never authorized any, the Guest Service Representative called the Plaintiff's room to see if she would give authorization to allow Mr. Spencer a key to the room and/or

disclosure of her room number. At that time, Ms. Tate informed the Guest Service Representative that under no circumstances should he provide Mr. Spencer a key to her room or her room number. She specifically informed the hotel Representative that Mr. Spencer and her were in an active domestic dispute and she was concerned for her safety. Accordingly, Mr. Spencer was not provided a key to the Plaintiff's room nor provided her room number.

8.   Later in the night, in the very early morning hours of July 3, 2020, Mr. Spencer returned to the hotel in an obviously intoxicated and agitated state. He gained access to the lobby of the hotel and told the Guest Service Representative who was stationed at the front desk, that he had lost his key and needed a replacement key for the Plaintiff's room. The Guest Service Representative did not call Ms. Tate's room nor did he otherwise obtain authorization from Ms. Tate to provide Mr. Spencer her room number and/or room key. Instead, he asked Mr. Spencer to provide him with the Plaintiff's address as it appeared on the registration card. Because Mr. Spencer was able to do that the Guest Service Representative provided Mr. Spencer with both the Plaintiff's room number and a key to her room.

9.   After obtaining a key to the Plaintiff's room and room number, Mr. Spencer proceeded to the Plaintiff's room and entered her room by using the key he was given.  He then proceeded over a substantial amount of time to assault, strangle, batter, terrorize and threaten to kill the Plaintiff AMEENAH TATE. Ms. Tate could not escape and could only scream in horror. Mr. Spencer finally stopped physically attacking Ms. Tate when another guest yelled into the room that they were going to call the police.

FILED DATE: 5/21/2021 11:27 AM    2021L005214

10. Mr. Tate was arrested later that morning by the Milwaukee Police Department and ultimately charged with 1) Burglary (Battery to a Person), 2) Strangulation & Suffocation, and 3) Disorderly Conduct.

11. The Plaintiff AMEENAH TATE never advised, notified or authorized the Defendant or Mr. Spencer that Spencer was permitted access or entry to her hotel room.

12. At all times relevant hereto, the Defendant HILTON GARDEN INNS MANAGEMENT violated their own, and nationally recognized, standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without first notifying her and obtaining her permission.

13. At all times relevant hereto, the Defendant HILTON GARDEN INNS MANAGEMENT violated their own, and nationally recognized standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without checking the guest registration form or card for Mr. Spencer's name.

14. At all times relevant hereto, the Defendant HILTON GARDEN INNS MANAGEMENT knew that Mr. Spencer was not allowed access to the Plaintiff's hotel room under any circumstances.

15. At all times relevant hereto, after Mr. Spencer's first attempt to gain access to the Plaintiff's room, had the hotel personnel simply communicated to other hotel personnel--by way of the Manager on Duty log or diary or any other way--of the Plaintiff's situation and instruction to not allow Mr. Spencer access to her hotel room, the hotel personnel, on Mr. Spencer's second attempt, would have already known that Mr. Spencer was explicitly not authorized or permitted access to the Plaintiff's room under any circumstances.

16. At all times relevant hereto, on Mr. Spencer's second attempt to gain access to the Plaintiff's room, had the hotel personnel simply checked their guest registration form or card; checked their computer and/or other systems, or even simply communicated with the Plaintiff AMEENAH TATE, they would have learned that Mr. Spencer was not authorized or permitted access to the Plaintiff's hotel room and he was not registered to that room.

17. The manner and circumstances under which Mr. Spencer was able to obtain a key to the Plaintiff's room exposes an egregious breach of hotel security which could have been easily prevented through the application of the most fundamental of policies and procedures critical to guest safety and security.

18. At all times relevant hereto, because the Plaintiff AMEENAH TATE was a business invitee and guest of the Defendant, the Defendant owed a duty to exercise reasonable care to protect her and its guests from injury at the hands of third persons. This includes a duty to provide for and assure her safety and security while at the hotel; to protect her from foreseeable or preventable burglary, assaults or attacks by others at the hotel; to not expose her to burglary, assaults or attacks by others while at the hotel especially when it knew the Plaintiff felt threatened.

19. The Defendant HILTON GARDEN INNS MANAGEMENT, by and through its employees, servants and/or agents breached its duty of care in one or more of the following ways:

    a. Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without first obtaining authorization from the Plaintiff to do so;

    b. Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without taking any step to check whether he was an authorized or registered guest of the room;

FILED DATE: 5/21/2021 11:27 AM 2021L005214

FILED DATE: 5/21/2021 11:27 AM    2021L005214

c.  Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff felt threatened by Mr. Spencer;

d.  Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff previously informed hotel personnel that Mr. Spencer should not be provided access to her room under any circumstances;

e.  Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew, or should have known, there was an obvious threat to the safety of the Plaintiff when an intoxicated male was requesting an additional room key in the very early morning hours;

f.  Carelessly and negligently failed to recognize the obvious threats to the safety of the Plaintiff when Mr. Spencer requested an additional room key in an intoxicated state in the very early morning hours when he was not a registered or authorized guest of the Plaintiff's room;

g.  Carelessly and negligently failed to communicate to other hotel personnel the Plaintiff's instruction to not allow Mr. Spencer access to her room under any circumstances;

h.  Carelessly and negligently failed to provide an on-site security guard;

i.  Carelessly and negligently failed to monitor the main entrance for security breaches;

j.  Carelessly and negligently failed to have a comprehensive and integrated hotel security program, which contributed to, allowed, and caused the assault and beating suffered by the Plaintiff;

k.  Carelessly and negligently operated in a manner completely inconsistent with reasonably accepted and common practices of operational hotel safety and security;

l.  Carelessly and negligently failed to effectively provide hotel personnel with proper training and effective supervision concerning guest privacy and security;

m. Carelessly and negligently failed to properly train and supervise hotel personnel to ensure compliance with policies and procedures critical to guest safety and security;

n.  Carelessly and negligently failed to enforce common practices of conduct concerning guest security; and

FILED DATE: 5/21/2021 11:27 AM 2021L005214

o. Carelessly and negligently failed to enforce and follow its own security guidelines and protocols.

20. As a direct and proximate result of one or more of the Defendant's aforesaid negligent acts and/or omissions, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. The Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.

WHEREFORE, the Plaintiff, AMEENAH TATE, demands judgment against the Defendant, HILTON GARDEN INNS MANAGEMENT in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT IV

NOW COMES the Plaintiff, AMEENAH TATE, by and through her attorneys, RUBENS KRESS & MULHOLLAND, and complaining against the Defendant, FIRST HOSPITALITY GROUP, INC. (hereinafter "FIRST HOSPITALITY"), states as follows:

1. On July 3, 2020, the Plaintiff, AMEENAH TATE was a business invitee and guest of the Defendant at its hotel Hilton Garden Inn located at 611 N. Broadway, Milwaukee, Wisconsin.

2. On and before July 3, 2020, the Defendant FIRST HOSPITALITY owned, operated and/or managed said hotel.

3. The Defendant FIRST HOSPITALITY has its headquarters in the State of Illinois and County of Cook.

FILED DATE: 5/21/2021 11:27 AM    2021L005214

4. On or about July 2, 2020, the Plaintiff AMEENAH TATE, traveled from Las Vegas to Milwaukee, Wisconsin to bring her grandchildren home to their parents, with a hotel room reservation for just herself at the Defendant's aforesaid hotel.

5. Upon arrival at the hotel in the afternoon of July 2, 2020, the Plaintiff AMEENAH TATE checked in with the front desk personnel of the hotel, provided proof of identification and method of payment, and received a room assignment and room key from the hotel personnel. Plaintiff was assigned Room 418.

6. At no time did the Plaintiff AMEENAH TATE advise or notify Defendant that anyone except herself was permitted access or entry to her room at the Defendant's hotel.

7. Subsequently and sometime later in the evening of July 2, 2020, the Plaintiff AMEENAH TATE's ex-husband, Cory Spencer, showed up at the hotel to drop off some of the Plaintiff's personal belongings and asked the Guest Service Representative of the hotel to provide the room number and/or key to the Plaintiff's room.

8. Because the Plaintiff AMEENAH TATE had no registered guests to her room and never authorized any, the Guest Service Representative called the Plaintiff's room to see if she would give authorization to allow Mr. Spencer a key to the room and/or disclosure of her room number. At that time, Ms. Tate informed the Guest Service Representative that under no circumstances should he provide Mr. Spencer a key to her room or her room number. She specifically informed the hotel Representative that Mr. Spencer and her were in an active domestic dispute and she was concerned for her safety. Accordingly, Mr. Spencer was not provided a key to the Plaintiff's room

nor provided her room number.

9.   Later in the night, in the very early morning hours of July 3, 2020, Mr. Spencer returned to the hotel in an obviously intoxicated and agitated state. He gained access to the lobby of the hotel and told the Guest Service Representative who was stationed at the front desk, that he had lost his key and needed a replacement key for the Plaintiff's room. The Guest Service Representative did not call Ms. Tate's room nor did he otherwise obtain authorization from Ms. Tate to provide Mr. Spencer her room number and/or room key. Instead, he asked Mr. Spencer to provide him with the Plaintiff's address as it appeared on the registration card. Because Mr. Spencer was able to do that the Guest Service Representative provided Mr. Spencer with both the Plaintiff's room number and a key to her room.

10. After obtaining a key to the Plaintiff's room and room number, Mr. Spencer proceeded to the Plaintiff's room and entered her room by using the key he was given.  He then proceeded over a substantial amount of time to assault, strangle, batter, terrorize and threaten to kill the Plaintiff AMEENAH TATE. Ms. Tate could not escape and could only scream in horror. Mr. Spencer finally stopped physically attacking Ms. Tate when another guest yelled into the room that they were going to call the police.

11. Mr. Tate was arrested later that morning by the Milwaukee Police Department and ultimately charged with 1) Burglary (Battery to a Person), 2) Strangulation & Suffocation, and 3) Disorderly Conduct.

12. The Plaintiff AMEENAH TATE never advised, notified or authorized the Defendant or Mr. Spencer that Spencer was permitted access or entry to her hotel room.

FILED DATE: 5/21/2021 11:27 AM  2021L005214

13. At all times relevant hereto, the Defendant FIRST HOSPITALITY violated their own, and nationally recognized, standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without first notifying her and obtaining her permission.

14. At all times relevant hereto, the Defendant FIRST HOSPITALITY violated their own, and nationally recognized standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without checking the guest registration form or card for Mr. Spencer's name.

15. At all times relevant hereto, the Defendant FIRST HOSPITALITY knew that Mr. Spencer was not allowed access to the Plaintiff's hotel room under any circumstances.

16. At all times relevant hereto, after Mr. Spencer's first attempt to gain access to the Plaintiff's room, had the hotel personnel simply communicated to other hotel personnel--by way of the Manager on Duty log or diary or any other way--of the Plaintiff's situation and instruction to not allow Mr. Spencer access to her hotel room, the hotel personnel, on Mr. Spencer's second attempt, would have already known that Mr. Spencer was explicitly not authorized or permitted access to the Plaintiff's room under any circumstances.

17. At all times relevant hereto, on Mr. Spencer's second attempt to gain access to the Plaintiff's room, had the hotel personnel simply checked their guest registration form or card; checked their computer and/or other systems, or even simply communicated with the Plaintiff AMEENAH TATE, they would have learned that Mr. Spencer was not authorized or permitted access to the Plaintiff's hotel room and he was not registered to that room.

FILED DATE: 5/21/2021 11:27 AM    2021L005214

18. The manner and circumstances under which Mr. Spencer was able to obtain a key to the Plaintiff's room exposes an egregious breach of hotel security which could have been easily prevented through the application of the most fundamental of policies and procedures critical to guest safety and security.

19. At all times relevant hereto, because the Plaintiff AMEENAH TATE was a business invitee and guest of the Defendant, the Defendant owed a duty to exercise reasonable care to protect her and its guests from injury at the hands of third persons. This includes a duty to provide for and assure her safety and security while at the hotel; to protect her from foreseeable or preventable burglary, assaults or attacks by others at the hotel; to not expose her to burglary, assaults or attacks by others while at the hotel especially when it knew the Plaintiff felt threatened.

20. The Defendant FIRST HOSPITALITY, by and through its employees, servants and/or agents breached its duty of care in one or more of the following ways:

    a. Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without first obtaining authorization from the Plaintiff to do so;

    b. Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without taking any step to check whether he was an authorized or registered guest of the room;

    c. Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff felt threatened by Mr. Spencer;

    d. Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff previously informed hotel personnel that Mr. Spencer should not be provided access to her room under any circumstances;

    e. Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew, or should have known, there was an obvious threat to the safety of the Plaintiff when an intoxicated male was requesting an additional room key in the very early morning hours;

    f. Carelessly and negligently failed to recognize the obvious threats to the safety

FILED DATE: 5/21/2021 11:27 AM   2021L005214

of the Plaintiff when Mr. Spencer requested an additional room key in an intoxicated state in the very early morning hours when he was not a registered or authorized guest of the Plaintiff's room;

g.  Carelessly and negligently failed to communicate to other hotel personnel the Plaintiff's instruction to not allow Mr. Spencer access to her room under any circumstances;

h.  Carelessly and negligently failed to provide an on-site security guard;

i.  Carelessly and negligently failed to monitor the main entrance for security breaches;

j.  Carelessly and negligently failed to have a comprehensive and integrated hotel security program, which contributed to, allowed, and caused the assault and beating suffered by the Plaintiff;

k.  Carelessly and negligently operated in a manner completely inconsistent with reasonably accepted and common practices of operational hotel safety and security;

l.  Carelessly and negligently failed to effectively provide hotel personnel with proper training and effective supervision concerning guest privacy and security;

m.  Carelessly and negligently failed to properly train and supervise hotel personnel to ensure compliance with policies and procedures critical to guest safety and security;

n.  Carelessly and negligently failed to enforce common practices of conduct concerning guest security; and

o.  Carelessly and negligently failed to enforce and follow its own security guidelines and protocols.

21. As a direct and proximate result of one or more of the Defendant's aforesaid negligent acts and/or omissions, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. The Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.

FILED DATE: 5/21/2021 11:27 AM 2021L005214

WHEREFORE, the Plaintiff, AMEENAH TATE, demands judgment against the Defendant, FIRST HOSPITALITY in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT V

NOW COMES the Plaintiff, AMEENAH TATE, by and through her attorneys, RUBENS KRESS & MULHOLLAND, and complaining against the Defendant, FIRST MKD, LLC (hereinafter "FIRST MKD"), states as follows:

1. On July 3, 2020, the Plaintiff, AMEENAH TATE was a business invitee and guest of the Defendant at its hotel Hilton Garden Inn located at 611 N. Broadway, Milwaukee, Wisconsin.

2. On and before July 3, 2020, the Defendant FIRST MKD owned, operated and/or managed said hotel.

3. The Defendant FIRST MKD has its headquarters in the State of Illinois and County of Cook.

4. On or about July 2, 2020, the Plaintiff AMEENAH TATE, traveled from Las Vegas to Milwaukee, Wisconsin to bring her grandchildren home to their parents, with a hotel room reservation for just herself at the Defendant's aforesaid hotel.

5. Upon arrival at the hotel in the afternoon of July 2, 2020, the Plaintiff AMEENAH TATE checked in with the front desk personnel of the hotel, provided proof of identification and method of payment, and received a room assignment and room key from the hotel personnel. Plaintiff was assigned Room 418.

6. At no time did the Plaintiff AMEENAH TATE advise or notify Defendant that anyone except herself was permitted access or entry to her room at the Defendant's hotel.

7. Subsequently and sometime later in the evening of July 2, 2020, the Plaintiff AMEENAH TATE's ex-husband, Cory Spencer, showed up at the hotel to drop off some of the Plaintiff's personal belongings and asked the Guest Service Representative of the hotel to provide the room number and/or key to the Plaintiff's room.

8. Because the Plaintiff AMEENAH TATE had no registered guests to her room and never authorized any, the Guest Service Representative called the Plaintiff's room to see if she would give authorization to allow Mr. Spencer a key to the room and/or disclosure of her room number. At that time, Ms. Tate informed the Guest Service Representative that under no circumstances should he provide Mr. Spencer a key to her room or her room number. She specifically informed the hotel Representative that Mr. Spencer and her were in an active domestic dispute and she was concerned for her safety. Accordingly, Mr. Spencer was not provided a key to the Plaintiff's room nor provided her room number.

9. Later in the night, in the very early morning hours of July 3, 2020, Mr. Spencer returned to the hotel in an obviously intoxicated and agitated state. He gained access to the lobby of the hotel and told the Guest Service Representative who was stationed at the front desk, that he had lost his key and needed a replacement key for the Plaintiff's room. The Guest Service Representative did not call Ms. Tate's room nor did he otherwise obtain authorization from Ms. Tate to provide Mr. Spencer her room

FILED DATE: 5/21/2021 11:27 AM   2021L005214

number and/or room key. Instead, he asked Mr. Spencer to provide him with the Plaintiff's address as it appeared on the registration card. Because Mr. Spencer was able to do that, the Guest Service Representative provided Mr. Spencer with both the Plaintiff's room number and a key to her room.

10. After obtaining a key to the Plaintiff's room and room number, Mr. Spencer proceeded to the Plaintiff's room and entered her room by using the key he was given. He then proceeded over a substantial amount of time to assault, strangle, batter, terrorize and threaten to kill the Plaintiff AMEENAH TATE. Ms. Tate could not escape and could only scream in horror. Mr. Spencer finally stopped physically attacking Ms. Tate when another guest yelled into the room that they were going to call the police.

11. Mr. Tate was arrested later that morning by the Milwaukee Police Department and ultimately charged with 1) Burglary (Battery to a Person), 2) Strangulation & Suffocation, and 3) Disorderly Conduct.

12. The Plaintiff AMEENAH TATE never advised, notified or authorized the Defendant or Mr. Spencer that Spencer was permitted access or entry to her hotel room.

13. At all times relevant hereto, the Defendant FIRST MKD violated their own, and nationally recognized, standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without first notifying her and obtaining her permission.

14. At all times relevant hereto, the Defendant FIRST MKD violated their own, and nationally recognized standards or policies by giving Mr. Spencer a key to the Plaintiff's hotel room without checking the guest registration form or card for Mr. Spencer's name.

FILED DATE: 5/21/2021 11:27 AM   2021L005214

15. At all times relevant hereto, the Defendant FIRST MKD knew that Mr. Spencer was not allowed access to the Plaintiff's hotel room under any circumstances.

16. At all times relevant hereto, after Mr. Spencer's first attempt to gain access to the Plaintiff's room, had the hotel personnel simply communicated to other hotel personnel--by way of the Manager on Duty log or diary or any other way--of the Plaintiff's situation and instruction to not allow Mr. Spencer access to her hotel room, the hotel personnel, on Mr. Spencer's second attempt, would have already known that Mr. Spencer was explicitly not authorized or permitted access to the Plaintiff's room under any circumstances.

17. At all times relevant hereto, on Mr. Spencer's second attempt to gain access to the Plaintiff's room, had the hotel personnel simply checked their guest registration form or card; checked their computer and/or other systems, or even simply communicated with the Plaintiff AMEENAH TATE, they would have learned that Mr. Spencer was not authorized or permitted access to the Plaintiff's hotel room and he was not registered to that room.

18. The manner and circumstances under which Mr. Spencer was able to obtain a key to the Plaintiff's room exposes an egregious breach of hotel security which could have been easily prevented through the application of the most fundamental of policies and procedures critical to guest safety and security.

19. At all times relevant hereto, because the Plaintiff AMEENAH TATE was a business invitee and guest of the Defendant, the Defendant owed a duty to exercise reasonable care to protect her and its guests from injury at the hands of third persons. This includes a duty to provide for and assure her safety and security while at the hotel; to

FILED DATE: 5/21/2021 11:27 AM  2021L005214

protect her from foreseeable or preventable burglary, assaults or attacks by others at the hotel; to not expose her to burglary, assaults or attacks by others while at the hotel especially when it knew the Plaintiff felt threatened.

20. The Defendant FIRST MKD, by and through its employees, servants and/or agents breached its duty of care in one or more of the following ways:

   a. Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without first obtaining authorization from the Plaintiff to do so;

   b. Carelessly and negligently provided Mr. Spencer a key to the Plaintiff's room without taking any step to check whether he was an authorized or registered guest of the room;

   c. Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff felt threatened by Mr. Spencer;

   d. Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew that the Plaintiff previously informed hotel personnel that Mr. Spencer should not be provided access to her room under any circumstances;

   e. Carelessly and negligent provided Mr. Spencer a key to the Plaintiff's room when it knew, or should have known, there was an obvious threat to the safety of the Plaintiff when an intoxicated male was requesting an additional room key in the very early morning hours;

   f. Carelessly and negligently failed to recognize the obvious threats to the safety of the Plaintiff when Mr. Spencer requested an additional room key in an intoxicated state in the very early morning hours when he was not a registered or authorized guest of the Plaintiff's room;

   g. Carelessly and negligently failed to communicate to other hotel personnel the Plaintiff's instruction to not allow Mr. Spencer access to her room under any circumstances;

   h. Carelessly and negligently failed to provide an on-site security guard;

   i. Carelessly and negligently failed to monitor the main entrance for security breaches;

   j. Carelessly and negligently failed to have a comprehensive and integrated hotel security program, which contributed to, allowed, and caused the assault and beating suffered by the Plaintiff;

k.  Carelessly and negligently operated in a manner completely inconsistent with reasonably accepted and common practices of operational hotel safety and security;

l.  Carelessly and negligently failed to effectively provide hotel personnel with proper training and effective supervision concerning guest privacy and security;

m.  Carelessly and negligently failed to properly train and supervise hotel personnel to ensure compliance with policies and procedures critical to guest safety and security;

n.  Carelessly and negligently failed to enforce common practices of conduct concerning guest security; and

o.  Carelessly and negligently failed to enforce and follow its own security guidelines and protocols.

21. As a direct and proximate result of one or more of the Defendant's aforesaid negligent acts and/or omissions, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. The Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.

WHEREFORE, the Plaintiff, AMEENAH TATE, demands judgment against the Defendant, FIRST MKD in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

Respectfully submitted,

*Toby P. Mulholland*

Toby P. Mulholland

Rubens Kress & Mulholland
77 W. Washington St., Ste. 701
Chicago, IL 60602
(312) 201-9640
tpm@rkminjurylaw.com

FILED DATE: 5/21/2021 11:27 AM 2021L005214

FILED DATE: 5/21/2021 11:27 AM    2021L005214

## RULE 222(B) AFFIDAVIT

I, TOBY P. MULHOLLAND, attorney for the Plaintiff in the above-captioned case, certify pursuant to Section 1-109 of the Code of Civil Procedure that I am familiar with the claims of the Plaintiffs and that they exceed $50,000.00, exclusive of costs.

*Toby P. Mulholland*
Toby P. Mulholland
Attorney for Plaintiff

Toby P. Mulholland
Rubens Kress & Mulholland
77 W. Washington St., Ste. 701
Chicago, Illinois 60602
(312) 201-9640

Attorney No. 47949

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

AMEENAH TATE,                    )
)
        Plaintiff,            )
)       Case No:
    vs.                    )
)       Amount: In excess of $50,000.00 plus costs
HILTON WORLDWIDE HOLDINGS,  )
INC., PARK HOTELS & RESORTS INC.,  )
HILTON GARDEN INNS          )
MANAGEMENT LLC, FIRST        )
HOSPITALITY GROUP, INC. and FIRST  )
MKD, LLC,                )
)
        Defendants.     )

**JURY DEMAND**

NOW COMES the Plaintiff, by and through her attorneys, and hereby requests a jury at the trial of this matter.

*Toby P. Mulholland*
Toby P. Mulholland

Rubens Kress & Mulholland
77 W. Washington St., Ste. 701
Chicago, IL 60602
(312) 201-9640
tpm@rkminjurylaw.com

FILED DATE: 5/21/2021 11:27 AM 2021L005214